UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JONATHAN SAINT LOUIS,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 26-cv-04847-RFL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed a petition for writ of habeas corpus seeking immediate release or a bond hearing. (Dkt. No. 1 (the "Petition").) As averred in the Petition, and as Respondents do not dispute, Petitioner is originally from Haiti. (See *id.* ¶ 19.) He came to the United States around July 22, 2023, seeking "asylum, withholding of removal, or protection under the Convention Against Torture after fleeing persecution in Haiti" and was subsequently "paroled at the Texas Port of Entry in Brownsville." (*Id.* ¶¶ 3, 19.) That parole necessarily reflected a determination that Petitioner posed neither a flight risk nor a danger to the community. *See Chang v. Mullin*, 26-cv02218-JLS, 2026 WL 1045679, at *2 (S.D. Cal. Apr. 17, 2026). Since being paroled, Petitioner has been "granted employment authorization" and has "attended each and every immigration appointment he was required to attend." (Petition ¶ 3.) Approximately three years later, on August 13, 2026, Petitioner was taken back into Immigration and Customs Enforcement ("ICE") custody and eventually transferred to the Imperial Regional Detention Facility in San Diego, California. (*Id.* ¶¶ 1, 4.) He now seeks his immediate release or a bond hearing on the basis that his detention violates, among other things, the Due Process Clause of the Fifth Amendment.

Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Faizi v. LaRose*, No. 25-cv-02974-JO, 2026 WL

1112035, at *4 (S.D. Cal. Apr. 24, 2026). In responding to the Petition, Respondents argue only "that Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." (See Dkt. No. 4 at 2.) This provision applies to "unadmitted aliens entering the United States at the border" and not to "unadmitted aliens present in the interior of the country" like Petitioner. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ---, 2026 WL 2196424, at *26 (9th Cir. June 30, 2026). Respondents argue that *Bostock* does not apply to Petitioner, but they do not explain why that is the case.[1] (Dkt. No. 4 at 2.) Thus, the *Mathews* factors weigh in favor of finding that Petitioner's re-detention violated his Fifth Amendment right to procedural due process. *See, e.g., Lozano Castano v. LaRose*, No. 26-cv-01747-RBM, 2026 WL 1194854, at *2-3 (S.D. Cal. May 1, 2026). Respondents acknowledge that previous decisions from other judges of this Court have granted petitions for writ of habeas corpus on similar facts, and they accordingly "do[] not oppose the petition and defer[] to the Court on the appropriate relief." (Dkt. No. 4 at 2–3.)

Accordingly, the Petition is **GRANTED**. "When a district court grants a writ of habeas corpus it may dispose of the matter as law and justice require. To ensure that Petitioner's release pursuant to the Court's [] order is not rendered meaningless, it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner. As a result, the relief ordered below falls within the core of habeas." *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (citations and quotation marks omitted). The Court, therefore, **ORDERS** as follows:

- Respondents shall release Petitioner within 24 hours of the filing of this Order. The release shall be on the same terms and conditions as Petitioner's initial release in 2023.
- Respondents shall not re-detain Petitioner: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized

[1] Respondents describe various statutory bases for parole, but state that they "have insufficient information regarding termination of [Petitioner's] parole." (Dkt. No. 4 at 2.)

determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances justifying his detention.

Petitioner also requests an award of attorneys' fees. The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment. Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court shall issue judgment in favor of Petitioner and close the case.

**IT IS SO ORDERED.**

Dated: August 31, 2026

RITA F. LIN
United States District Judge